Richard A. Lapping (SBN: 107496)
Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 200-9407
Facsimile: (415) 651-9004
 *Rich@TrodellaLapping.com*

Attorneys for Stuart Schoenmann, Celeste Lytle,
Beth Schoenmann, and Colette Sims

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>E. LYNN SCHOENMANN<br>aka Eunice Lynn Schoenmann<br>dba E. Lynn Schoenmann/94-3302683,<br><br>      Debtor. | Case No.: 22-30028-DM<br><br>Chapter 11<br><br>**MOTION TO PROHIBIT OR CONDITION DEBTOR'S USE OF CASH COLLATERAL AND FOR ADEQUATE PROTECTION**<br><br>Date: July 29, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 17<br>      450 Golden Gate Avenue, 16th Floor<br>      San Francisco, California<br>      **Via Zoom Video**<br>Judge: Hon. Dennis Montali |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Creditors and state court Petitioners Stuart Schoenmann, Celeste Lytle, Beth Schoenmann, and Colette Sims (collectively the "Petitioners") hereby move to prohibit or condition Debtor's use of cash collateral and for adequate protection of the Probate Estate's equal share of the cash deposits in the possession of Debtor that constitute former community property of Debtor and Donn R. Schoenmann, pursuant to Rule 4001, Fed. R. Bankr. P.

1

## STATEMENT OF FACTS

1. On January 14, 2022, E. Lynn Schoenmann (the "Debtor") commenced this case by filing a Petition (Docket #1) for bankruptcy relief under chapter 11 of title 11 of the United States Code.

2. Debtor filed her Statement of Financial Affairs on January 16, 2022. Dkt. 7.

3. Debtor filed her amended Schedules A/B and C on May 1, 2022. Dkt. 67.

4. Debtor acknowledges in Section 19 of her Statement of Financial Affairs that in May 2016, she transferred $480,000 to the Aho Trust.[1] At that time, substantially all of the cash assets of her and Donn were either Donn's separate property or community property. According to her amended schedules, the deposit account for the Aho Family Trust has $244,744.40 on deposit. Dkt. 67, p. 9 of 17.

4. Following the transfer to the Aho Trust, as of the date of Donn's death, the accountant engaged by the Probate Estate as well as the accountant engaged by Debtor determined that Debtor and Donn had $526,501.63 community property funds on deposit in financial institutions. (Declaration of Alicia Gamez, para. 9.) At all times since the date of Donn's death, Debtor has had sole custody and control of the former community property cash deposits and has transferred no part of them to the Probate Estate. (Id., para. 11.)

5. The Probate Estate has an undivided interest in $1,007,109.63 of total former community property cash and an exclusive interest in one half or $ 503,554.82.

6. Based on the Debtor's schedules, the following deposit accounts were under her sole custody and control on the petition date.

**Debtor's Accounts:[2]**

| | | |
|---|---|---|
| 17.1 First Republic 3581 | $ | 48,651.00 |
| 17.2 First Republic 3873 Business Account | $ | 56,227.00 |
| 17.5 First Republic 2354 | $ | 2,850.00 |
| 17.9 First Republic 4534 | $ | 450,000.00 |

---

[1] As indicated in paragraph 7 of the Declaration of Alicia Gamez, the actual amount of the transfer was $480,608.

[2] The number before the account refers to the paragraph number in the Debtor's schedules.

| | |
|---|---|
| 21 First Republic 1556 IRA | $ 135,561.16 |
| 21 First Republic 1525 Profit sharing plan | $ 445,436.60 |
| 25 First Republic 1460 Aho Family Trust | $ 244,744.40 |
| 28 Tax Refund | $ 10,300.00 |
| **Total** | **$ 1,393,770.16** |

## ARGUMENT

### A. The Cash Collateral

Section 363(a)[3] defines cash collateral as "deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." Thus, the cash and deposit accounts controlled by Debtor up to $951,720.41 (to be adjusted for interest accrual) constitute the cash collateral.

### B. The Debtor is Not Authorized to Use the Cash Collateral

Section 363(b) authorizes the Debtor to use property of the estate other than in the ordinary course of business after notice and a hearing. Section 363(c)(1) authorizes the Debtor to "use property of the estate in the ordinary course of business without notice or a hearing." But Section 363(c)(2) provides that the Debtor "may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

"(A) each entity that has an interest in such cash collateral consents; or

"(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."

Debtor has not sought authorization to use the cash collateral and the Probate Estate has not consented to such use.

### C. The Probate Estate Is Entitled to Adequate Protection of Its Interest in the Cash Collateral

Section 363(e) provides:

"Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the

---

[3] All section references are to the Bankruptcy Code, 11 U.S.C.

[Debtor], the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

The Probate Estate hereby makes such request.

### D. Restriction and Segregation of the Probate Estate's Share of the Cash Collateral Is Required.

As applicable here, Section 361 provides:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

* * *

"(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

The Probate Estate's interest in the cash collateral can only be protected and preserved by an order that prohibits the Debtor from using its half share of the cash collateral and segregating the funds. Under no circumstances should the Debtor be permitted to expend the Probate Estate's share of the cash collateral for any purpose, including the payment of administrative expenses or creditor claims. Such an arrangement is the only way to provide the indubitable equivalent of the Probate Estate's interest.

### CONCLUSION

Bankruptcy Rule 4001(a) contemplates a motion such as this to prohibit or condition the Debtor's use of cash under Section 363(e). The Court should prohibit the Debtor's unauthorized use of the Cash Collateral unless half, $503,554.82, plus accrued interest, is placed in segregated account.

Dated: June 30, 2022                             TRODELLA & LAPPING LLP

By:   /s/ Richard A. Lapping
      Richard A. Lapping
      Attorneys for Stuart Schoenmann, Celeste
      Lytle, Beth Schoenmann, and Colette Sims