Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| In re | Case No. 22-30028 |
|---|---|
| E. LYNN SCHOENMANN, | Chapter 11 |
| | DATE: July 14, 2023 |
| | TIME: 10:30 a.m. |
| Debtor | JUDGE: Honorable Dennis Montali |

**MOTION TO SELL**
**(39 Ethel, Mill Valley, CA. 94941)**

TO: THE HONORABLE DENNIS MONTALI,
UNITED STATES BANKRUPTCY JUDGE

The Motion of E. Lynn Schoenmann, Debtor and Debtor-in-Possession, for an Order authorizing the sale of 39 Ethel Avenue, Mill Valley, CA. 94941 (the "39 Ethel Property") for $3.525 million, subject to overbids, respectfully represents as follows:

1. On January 14, 2022, E. Lynn Schoenmann, (the "Debtor") filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. The Debtor operates her business as Debtor in Possession pursuant to 11 U.S.C §1101 *et seq.*

### The Proposed Sale

2. Among the Debtor's principal assets is the 39 Ethel Property a single family home Pictures of the 39 Ethel Property are presented in Exhibit B to the accompanying Link Declaration.

3. Through an Order entered on February 27, 2023; Dkt #252; the Court authorized the Debtor to employ Compass Realty to effect the sale of the 39 Ethel Property.

4. After material marketing efforts, the Debtor has accepted an offer to purchase the 39 Ethel Property. Specifically, the Debtor proposes to sell the 39 Ethel Property to Kenneth D. and Christina Hurwitz (collectively, "Hurwitz") for $3.525 million (the "Proposed Sale"). The Proposed Sale is all cash and completely non-contingent. Hurwitz has no connection with the Debtor, her representatives, or her creditors (to the best of the Debtor's knowledge). A true and correct copy of the Proposed Sale agreement is presented in Exhibit A to the accompanying Link Declaration.

5. In order to fulfill her fiduciary duty to the estate to obtain the highest and best price, the Debtor established a procedure for the presentation of overbids to purchase the 39 Ethel Property. The provisions for submitting an overbid and the auction thereon are presented in the Notice of Opportunity for Overbid submitted herewith. The Debtor's broker has been actively marketing the 39 Ethel Property for overbids.

6. At the hearing on July 14, 2023, the Debtor will present to the Court for confirmation the proposed sale to Hurwitz or, if a timely overbid has been presented, the Debtor will ask that the Court conduct an auction and confirm the sale to the winner of the auction.

### Lien Claimants

7. Attached to the Link Declaration as Exhibit C is a true and correct copy of a recent title report for the 39 Ethel Property, identifying persons who hold liens or encumbrances against the 39 Ethel Property.

8. Those encumbrances consist of accrued real estate taxes, a first deed of trust in favor of First Republic Bank securing a debt in the approximate amount of $1,333,850.00, and a second deed of trust securing the Bridge Loan in the approximate amount of $1,400,000 (collectively, the "Secured Claims").

9. The Debtor will cause escrow to solicit pay-off demands for the Secured Claims and, absent a *bona fide* dispute, proposes to pay the Secured Claims out of escrow.

10. Notwithstanding prior Orders granting the Debtor 30 days after the close of the sale to arrange for the purchase of her non-exempt equity, the Debtor contemplates attempting to arrange back-to-back escrows so that the purchase of the non-exempt equity is funded directly into escrow and thereby retires a majority of the Bridge Loan.

### *Costs of Sale*

11. The Debtor requests that she be authorized to pay, directly from the sale escrow respecting the 39 Ethel Property all ordinary and appropriate costs of sale, including those costs identified in the Sale Offer.

12. The Debtor specifically requests that she be authorized to pay out of escrow an aggregate broker's commission of 5%.

### *Net Proceeds*

13. The 39 Ethel Property is subject to an asserted co-ownership interest which is the subject of Adversary Proceeding No. 23-03017 (the "Adversary Proceeding"). The Debtor asks that she be authorized to transfer 50% of the net proceeds of sale of the 39 Ethel Property (without deduction for the Bridge Loan) to a trust account pending the complete or partial resolution of the Adversary Proceeding.

### MEMORANDUM OF POINTS AND AUTHORITIES

I. THE PROPOSED SALE IS A SOUND EXERCISE OF THE DEBTOR'S BUSINESS JUDGMENT

Sections 363 provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).

Courts generally hold that approval of a proposed sale of assets of a debtor under section 363 of the Bankruptcy Code outside the ordinary course of business and prior to the confirmation of a plan of reorganization is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the trustee or debtor-in-possession. *See, e.g., Fin. Assoc. v. Loeffler (In re Equity Funding Corp. of Am.)*, 492 F.2d 793 (9th Cir. 1974), cert. denied, 419 U.S. 964 (1974) (sale of assets approved for "cause shown"); *240 N. Brand Partners, Ltd. v. Colony GFP Partners, L.P. (In re 240 N. Brand Partners, Ltd.)*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) ("debtors who wish to utilize § 363(b) to dispose of property of the estate must demonstrate that such disposition has a valid business justification").

The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. See, e.g., *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand.") As long as the sale appears to enhance a debtor's estate, court approval of a debtor's decision to sell should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code. *In re Lajijani,* 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The trustee has ample discretion to administer the estate, including authority to conduct public or private sales of estate property. Courts have much discretion on whether to approve proposed sales, but the trustee's business judgment is subject to great judicial deference.").

Applying § 363, the Proposed Sale of the 39 Ethel Property should be approved. As set forth above, the Debtor has determined that the best method of maximizing the recovery of the Debtor's creditors would be through a prompt sale of the 39 Ethel Property. As assurance of value, the Proposed

Sale will be tested through an overbid and auction process; it already represents the highest and best offer the Debtor has obtained in more than a month of active marketing. Consequently, the fairness and reasonableness of the consideration to be paid has been demonstrated by adequate "market exposure" and will be demonstrated by an open and fair auction process – the best means, under the circumstances, for establishing whether a fair and reasonable price is being paid.

## II. SALE CONDITIONED ON ADVERSARY PROCEEDING ORDER

The Hurwitz sale contemplates purchasing the entirety of the 39 Ethel Property, not merely a partial interest. Thus, the sale is conditioned upon obtaining an Order selling free and clear of the asserted co-ownership interest of Stuart Schoenmann, as Executor of the Probate Estate of Donn Schoenmann, which is the subject of the Adversary Proceeding and will be set for hearing concurrently herewith.

## III. THE WINNING BIDDER SHOULD BE AFFORDED PROTECTION UNDER § 363(m) AS A GOOD FAITH PURCHASER.

Section 363(m) protects a good-faith purchaser's interest in property purchased from the debtor's estate notwithstanding that the sale conducted under § 363(b) is later reversed or modified on appeal. Specifically, § 363(m) states that:

> The reversal or modification on appeal of an authorization under [section 363(b)] . . . does not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale were stayed pending appeal.

11 U.S.C. § 363(m).

Section 363(m) "codifies Congress's strong preference for finality and efficiency" in bankruptcy proceedings. *In re Energytec, Inc*. 739 F.3d 215, 218-19 (5th Cir. 2013). The Ninth Circuit has repeatedly held that, under § 363(m), "[w]hen a sale of assets is made to a good faith purchaser, it may

not be modified or set aside unless the sale was stayed pending appeal." *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc).,* 163 F.3d 570, 576 (9th Cir. 1998); *In re Ewell*, 958 F.2d 276, 282 (9th Cir. 1992) ("Because the Buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal."); *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.*), 846 F.2d 1170, 1172 (9th Cir. 1988) ("Finality in bankruptcy has become the dominant rationale for our decisions […]").

The selection of the Buyer was the product of arms' length, good faith negotiations in a purchasing process, which will be tested by an opportunity for overbids and an auction. The Debtor intends to request at the Sale Hearing a finding that the Buyer or the winning bidder, as applicable, is a good faith purchaser entitled to the protections of § 363(m).

## IV. RELIEF FROM THE 14-DAY WAITING PERIOD UNDER RULE 6004(h) IS APPROPRIATE.

Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtor requests that the Order be effective immediately by providing that the 14-day stay under Rules 6004(h) is waived.

The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. See Advisory Committee Note to Fed. R. Bankr. P. 6004(h). Although Rule 6004(h) and the Advisory Committee Note are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." COLLIER ON BANKRUPTCY, ¶ 6004.11 (16th Ed. 2019). Furthermore, Collier provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. Id.

The Debtor hereby requests that the Court waive the 14-day stay periods under Rule 6004(h) or, in the alternative, if an objection to the Sale is filed, reduce the stay period to the minimum amount of time needed by the objecting party to file its appeal.

**V. CONCLUSION**

The Court should approve a sale of the 39 Ethel Property to Hurwitz or a successful overbidder at the auction and should authorize disbursement from escrow of the costs of sale identified herein and enter an Order in substantially the form attached hereto.

Respectfully submitted,

DATED: June 16, 2023          ST. JAMES LAW, P.C.

By: /s/ *Michael St James* .
     Michael St. James
     Counsel for the Debtor-in-Possession

Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re<br><br>E. LYNN SCHOENMANN,<br><br>Debtor | Case No. 22-30028<br><br>Chapter 11<br><br>DATE: July 14, 2023<br>TIME: 10:30 a.m.<br>JUDGE: Honorable Dennis Montali |

**ORDER APPROVING AND AUTHORIZING SALE OF REAL PROPERTY**
**(39 Ethel, Mill Valley, CA. 94941)**

The Motion of E. Lynn Schoenmann, Debtor and Debtor-in-Possession (the "Debtor"), for an Order authorizing the sale of 39 Ethel, Mill Valley, CA. 94941 (the "Sale Motion" and the "39 Ethel Property," respectively) duly came on for hearing on July 14, 2023. Appearances were as noted on the record. It appearing that due notice was given to creditors, the U.S. Trustee, and to parties in interest; and that, despite opportunity therefor, no objection or opposition has been filed with respect to the Sale Motion; and it appearing that the requirements for an overbid established by the Debtor were fair and

reasonable and beneficial to the estate; and it appearing that the estate will benefit from the sale of the 39 Ethel Property to Kenneth D. and Christina Hurwitz (the "Buyer"), and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

1. Under the circumstances, creditors and parties in interest have received adequate notice and an opportunity to be heard.

2. The sale of the 39 Ethel Property to the Buyer on the terms set forth in Exhibit A to Dkt #_____ be, and it hereby is, approved.

3. The Buyer be, and it hereby is, determined to be a "good faith purchaser" entitled to the benefits of 11 U.S.C. Section 363(m).

4. The sale proceeds shall first be disbursed from escrow on account of reasonable and ordinary closing costs and costs of sale and other customary and contractual costs and expenses incurred in order to effectuate the sale including, without limitation:

    a. The expenses assigned to the seller in Exhibit A to Dkt #_____;

    b. An aggregate broker's commission of 5%,

5. The sale proceeds shall next be disbursed from escrow to satisfy all unpaid, outstanding and/or prorated real property taxes and assessments and all debts secured by deeds of trust encumbering the 39 Ethel Property.

6. The escrow company is authorized to remit those net proceeds of sale to the attorney-client trust account of St. James Law, P.C. to be held or disbursed as the Court Orders in connection with Adversary Proceeding 23-03017.

7. The fourteen-day stay provided by Federal Rule of Bankruptcy Procedure 6004(h) is waived for cause.

    \*   \*   \*   END OF ORDER   \*   \*   \*

*Court's Service List*

All persons entitled to notice of entry of this Order are ECF registered *except:*