

Signed and Filed: March 27, 2024

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

Thomas H. Casey – Bar No. 138264
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Telephone: (949) 766-8787
Facsimile: (949) 766-9896
Email: TomCasey@tomcaseylaw.com

Attorneys for Jason M. Rund
Chapter 7 Bankruptcy Trustee

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re

E. LYNN SCHOENMANN,

    Debtor(s).

Case No. 22-30028-DM

Chapter 7

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) APPROVING SALE OF REAL PROPERTY LOCATED AT 4200 N. MILLER ROAD, #117, SCOTTSDALE, AZ 85251 PURSUANT TO 11 U.S.C. §§ 363(b), (h), (i), and (j) AND PERSONAL PROPERTY; (2) APPROVING STIPULATION BETWEEN THE TRUSTEE AND EXECUTOR STUART SCHOENMANN; (3) APPROVING COMPENSATION OF REAL ESTATE BROKER; (4) APPROVING OVERBID PROCEDURES; (5) APPROVING DISTRIBUTION OF SALE PROCEEDS; (6) FOR A GOOD FAITH FINDING PURSUANT TO 11 U.S.C. §363(m); AND (7) WAIVER OF THE STAY RULE 6004(h)**

<u>Hearing Date</u>
Date: March 29, 2024
Time: 11:00 a.m.
Location: 450 Golden Gate Ave., 16th Fl.
    Courtroom 17
    San Francisco, CA 94102

A hearing on the Chapter 7 Trustee's Motion for Order (1) Approving Sale of Real Property Located at 4200 N. Miller Rd., #117, Scottsdale, AZ 85251 Pursuant to 11 U.S.C. §§ 363(b), (h), (i), and (j) And Personal Property (2) Approving Stipulation Between the Trustee and Executor Stuart Schoenmann; (3) Approving Compensation of Real Estate Agents; (4) Approving Overbid Procedures; (5) Approving Distribution of Sale Proceeds; (6) For a Good Faith Finding Pursuant to 11 U.S.C. §363(m); and (7) Waiver of the Stay Rule 6004(h) (the "Sale Motion"), filed by the Trustee in the above-captioned Chapter 7 bankruptcy case, was scheduled for March 29, 2024 at 11:00 a.m.

Based on the Declaration filed by Chapter 7 Trustee Jason M. Rund ("Trustee Rund") filed on March 27, 2024 confirming that no timely overbids were received (Doc 522) ("Trustee Rund Declaration"), the hearing on the Trustee's Sale Motion has been vacated.

Having considered the Sale Motion, the Trustee Rund Declaration, and all related pleadings,

THE COURT FINDS THAT:

A. Notice of the Sale Motion was proper and adequate.

B. NWM1, LLC ("Buyer") has acted in good faith and is entitled to the protections of Section 363(m) of the Bankruptcy Code.

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The notice of the Sale Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Sale Motion is granted and the sale to NWM1, LLC ("Buyer") is approved as the highest and best offer.

3. The Trustee is authorized to sell 4200 N. Miller Rd., #117, Scottsdale, AZ 85251 ("Scottsdale Condo") legally described as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF MARICOPA, STATE OF ARIZONA, AND IS DESCRIBED AS FOLLOWS:

Lot 117, of THE HERITAGE SCOTTSDALE, according to Amended and Restated Declaration recorded at Document No. 2014-255632 and plat recorded in Book 291 of Maps, page 35 and Amendment recorded in Document No. 86-269169 and Affidavit of Change recorded in Document No. 86-565551, records of Maricopa County, Arizona;

TOGETHER WITH an undivided interest in and to the common elements as set forth in said Declaration and as designated on said Plat and any annexations thereto.

and the Personal Property ("Sale Assets") to Buyer for the purchase price of $376,000, and in accordance with the terms and conditions that are set forth in the Purchase Agreement which is attached to the Sale Motion.

4. The Stipulation between the Trustee and co-owner Executor Stuart Schoenmann agreeing to the sale of the Scottsdale Condo per Sections 363(h), (i), and (j) attached to the Sale Motion as Exhibit "4" is approved and the Trustee is authorized to sell the 100% title and equitable interest in the Scottsdale Condo;

5. The Broker's compensation is approved;

6. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the Purchase Agreement or order of this Court including, but not limited to:

    a. For normal escrow and closing costs, including current and past due real estate taxes, and homeowners associations fees, if any;

    b. To R.O.I. Properties, LLC, the Trustee's Real Estate Broker, an amount not greater than six per cent (6%) of the sale price, in accordance with the terms of the Order employing the Broker, subject to the Trustee's review and approval prior to distribution. The commission will be divided equally between the Trustee's Broker and the agent for the Buyer;

    c. The R.O.I. Properties, LLC, out-of-pocket expenses in the estimated amount of $225.00, subject to the Trustee's review and approval prior to distribution;

d. Per Section 363(j), after payment of normal escrow and closing costs, including current and past due real estate taxes, and homeowners associations fees, if any, fifty percent (50%) of the net sale proceeds shall be disbursed from escrow to Executor Stuart Gordon Schoenmann, by check made payable to Estate of Donn Schoenmann, Stuart Gordon Schoenmann Executor, SMBC Manubank, account #7369 and forwarded to his counsel of record, Miriam Hiser, The Law Office of Miriam Hiser, 550 Montgomery Street, Suite 650, San Francisco, CA 94111;

e. To the Debtor, a check made payable to "E. Lynn Schoenmann" in the amount $730.00, representing the Debtor's exemption claim in the Personal Property as defined in the Sale Motion, disbursed from escrow and forwarded to her counsel of record, Brent Meyer, Meyer Law Group LLP 268 Bush Street, #3639, San Francisco, CA 94104; and,

f. To the Trustee, after payment of normal escrow and closing costs, including current and past due real estate taxes, and homeowners associations fees, if any, and the Debtor's claimed exemption of $730.00, fifty percent (50%) of the net sale proceeds.

7. Buyer has not assumed any liabilities of the Debtor or of the bankruptcy estate.

8. The Trustee is authorized to execute any such releases, termination statements, assignments, consents, or instruments on behalf of any third party, that are necessary or appropriate to effectuate or consummate the sale.

9. The Trustee and Executor Stuart Schoenmann and their officers, employees and agents be and they hereby are authorized and directed to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

10. Except as otherwise provided in the Sale Motion, the Sale Assets shall be sold, transferred, and delivered to Buyer on an "as is, where is" or "with all faults" basis.

11. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

12. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), applies with respect to this Order.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Sale Assets to the Buyer, (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Sale Assets.

14. The purchase agreement and any related documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the bankruptcy estate.

***END OF ORDER***

## COURT SERVICE LIST

All persons entitled to notice of entry of this Order are ECF registered.