

Signed and Filed: December 18, 2024

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1  Thomas H. Casey – Bar No. 138264
2  LAW OFFICE OF THOMAS H. CASEY, INC.
   A PROFESSIONAL CORPORATION
3  26400 La Alameda, Suite 210
   Mission Viejo, CA 92691
4  Telephone: (949) 766-8787
   Facsimile: (949) 766-9896
5  Email:  TomCasey@tomcaseylaw.com

6  Attorneys for Jason M. Rund
   Chapter 7 Bankruptcy Trustee

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>E. LYNN SCHOENMANN,<br><br>                Debtor(s). | Case No. 22-30028-DM<br><br>Chapter 7<br><br>**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) APPROVING SALE OF REAL PROPERTY LOCATED AT 25380 GREEN OAKS COURT AND ADJOINING LOT 20, IDYLLWILD, CALIFORNIA PURSUANT TO 11 U.S.C. §§ 363(b), (h), (i), and (j); (2) APPROVING STIPULATION BETWEEN THE TRUSTEE AND EXECUTOR STUART SCHOENMANN; (3) APPROVING COMPENSATION OF REAL ESTATE BROKER; (4) APPROVING OVERBID PROCEDURES; (5) APPROVING DISTRIBUTION OF SALE PROCEEDS; (6) FOR A GOOD FAITH FINDING PURSUANT TO 11 U.S.C. §363(m); AND (7) WAIVER OF THE STAY RULE 6004(h)**<br><br><u>Hearing Date</u><br>Date:   December 6, 2024<br>Time:   11:00 a.m.<br>Judge:  Honorable Dennis Montali<br>By:     Video/Teleconference |

A hearing on the Chapter 7 Trustee's Motion for Order (1) Approving Sale of Real Property Located at 25380 Green Oaks Court and adjoining Lot 20, Idyllwild, California, 92549 Pursuant to 11 U.S.C. §§ 363(b), (h), (i), and (j); (2) Approving Stipulation Between the Trustee and Executor Stuart Schoenmann; (3) Approving Compensation of Real Estate Agents; (4) Approving Overbid Procedures; (5) Approving Distribution of Sale Proceeds; (6) For a Good Faith Finding Pursuant to 11 U.S.C. §363(m); and (7) Waiver of the Stay Rule 6004(h) (Doc 606) (the "Sale Motion"), filed by the Trustee in the above-captioned Chapter 7 bankruptcy case, was scheduled for December 6, 2024 at 11:00 a.m.

Appearances were made by Attorney Thomas H. Casey of the Law Office of Thomas H. Casey, Inc. on behalf of Chapter 7 Trustee Jason M. Rund, proposed buyer David Hertzing on behalf of the David D. Hertzing and Terrie R. Hertzing Living Trust, and proposed overbidder Mario Perez through his real estate agent Timothy McTavish of Desert Sotheby's International Realty.

Having considered the Sale Motion and all related pleadings, and after overbidding on the record,

THE COURT FINDS THAT:

A. Notice of the Sale Motion was proper and adequate.

B. Mario Perez ("Buyer") has acted in good faith and is entitled to the protections of Section 363(m) of the Bankruptcy Code.

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The notice of the Sale Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Sale Motion is granted and the sale to Mario Perez ("Buyer") is approved as the highest and best offer.

3. The Trustee is authorized to sell 25380 Green Oaks Court and adjoining Lot 20, Idyllwild, California 92549 ("Idyllwild Property") legally described as:

Parcel 1:

Lot 21 of Tract No. 2790, in the County of Riverside, State of California, as shown by Map on filed on October 6, 1965 in Book 54, Pages 86 through 88 of Maps, Riverside County Records, together with that portion Lot 22 of Tract No. 2790, as shown by Map on file in Book 54, Pages 86 through 88 of Maps, Riverside County Records, lying South of the following described line:

Commencing at the Northeast corner of said Lot 22; thence S 00° 21' 08" W., 89.45 feet, along the East line of said Lot 22, to the point of beginning of said line to be described; thence S. 86° 48' 46" W., 147.01 feet, to the mid-point of the Westerly line of said Lot 22 and the termination of said line to be described.

Said mid-point of Lot 22 being equal distance from the Northwest corner and from the Southwest corner of Lot 22, as measured along the Westerly property line of said Lot. Said description is pursuant to Lot Line Adjustment No. 4544 approved by Riverside County Planning Department dated January 16, 2003 and recorded October 6, 2004 as Instrument No. 2004-0791538, of Official Records.

Parcel 2:

Lot 20 of Tract No. 2790, in the County of Riverside, State of California, as shown by Map on filed on October 6, 1965 in Book 54, Pages 86 through 88 inclusive of Maps, Riverside County Records.

APN: 563-073-005, 563-073-003

to Buyer for the purchase price of $632,000, and in accordance with the terms and conditions that are set forth in the Purchase Agreement which is attached to the Sale Motion.

4. The Stipulation between the Trustee and co-owner Executor Stuart Schoenmann agreeing to the sale of the Idyllwild Property per Sections 363(h), (i), and (j) attached to the Sale Motion as Exhibit "5" is approved and the Trustee is authorized to sell the 100% title and equitable interest in the Idyllwild Property;

5. Per the Stipulation Executor Stuart Gordon Schoenmann releases his lis pendens recorded on January 31, 2019, instrument number 2019-0034798, against the Idyllwild Property;

6. Per the Stipulation Executor Stuart Gordon Schoenmann releases his lis pendens recorded on January 31, 2019, instrument number 2019-0034799, against the Idyllwild Property;

7. Per the Stipulation, per Bankruptcy court Order entered December 5, 2022, that certain conveyance from Donn R. Schoenmann, as Trustee of the Donn R. Schoenmann and E. Lynn Schoenmann 2003 Family Trust, UDT dated March 19, 2003 as grantor and Donn R. Schoenmann, as tenant in common, all of his one-half interest as grantee recorded April 21, 2016, instrument number 2016-0158107, is valid;

8. Per the Stipulation per Bankruptcy court Order entered December 5, 2022, that certain conveyance from Donn R. Schoenmann as Trustee of the Donn R. Schoenmann and E. Lynn Schoenmann 2003 Family Trust, UDT dated March 19, 2003 as grantor and Donn R. Schoenmann, as tenant in common, all of his one-half interest as grantee recorded April 21, 2016, instrument number 2016-0158108, is valid;

9. Per the Stipulation the Trustee withdraws and releases the Affidavit-Death of Spouse (Community Property With Right of Survivorship) recorded January 25, 2022, instrument number 2022-0040809;

10. The Broker's compensation is approved;

11. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the Purchase Agreement or order of this Court including, but not limited to:

    a. For normal escrow and closing costs, including current and past due real estate taxes, and homeowners associations fees, if any;

  b. To Coldwell Banker, the Trustee's Real Estate Co-Broker, an amount not greater than one and one half per cent (1.5%) of the sale price, in accordance with the terms of the Order employing the Co-Broker, subject to the Trustee's review and approval prior to distribution. To Desert Sands Realty, the Trustee's Real Estate Co-Broker, an amount not greater than one and one half per cent (1.5%) of the sale price, in accordance with the terms of the Order employing the Co-Broker, subject to the Trustee's review and approval prior to distribution. The total six percent (6%) commission will be divided equally between the Trustee's Co-Brokers and the agent for the Buyer;

  c. Per Section 363(j), after payment of normal escrow and closing costs, including current and past due real estate taxes, and homeowners associations fees, if any, fifty percent (50%) of the net sale proceeds shall be disbursed from escrow to Executor Stuart Gordon Schoenmann for the Estate of Donn Schoenmann via wire; and,

  d. To the Trustee, after payment of normal escrow and closing costs, including current and past due real estate taxes, and homeowners associations fees, if any, fifty percent (50%) of the net sale proceeds.

12. Buyer has not assumed any liabilities of the Debtor or of the bankruptcy estate.

13. The Trustee is authorized to execute any such releases, termination statements, assignments, consents, or instruments on behalf of any third party, that are necessary or appropriate to effectuate or consummate the sale.

14. The Trustee and his officers, employees and agents be and they hereby are authorized and directed to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

15. The Idyllwild Property shall be sold, transferred, and delivered to Buyer on an "as is, where is" or "with all faults" basis.

16. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

17. In the event the Buyer defaults, the Trustee is authorized to sell the Idyllwild Property to the David D. Hertzing and Terrie R. Hertzing Living Trust ("Backup Bidder") for the sale price of $630,000 upon the same terms and conditions.

18. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), applies with respect to this Order.

19. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Idyllwild Property to the Buyer, (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Idyllwild Property.

20. The purchase agreement and any related documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the bankruptcy estate.

***END OF ORDER***

## COURT SERVICE LIST

All persons entitled to notice of entry of this Order are ECF registered.