1   LAW OFFICE OF WAYNE A. SILVER
    Wayne A. Silver (108135)
2   643 Bair Island Road, Suite 403
    Redwood City, CA 94063
3   Telephone: (650) 282-5970
    ws@waynesilverlaw.com
4

5   ALICIA M. GÁMEZ (244948)
    Gámez Law
6   100 Pine Street, Suite 1250
    San Francisco, California 94111
7   Telephone. (415) 341-8143
    alicia@Gámezlaw.com
8

9   Attorneys for Stuart Schoenmann,
    as Executor of the Probate Estate of
10   Donn R. Schoenmann

11   FRANK BUSCH (State Bar No. 258288)     Nathan D. Borris (266090)
    COBLENTZ PATCH DUFFY & BASS LLP     JKZ LLP
12   One Montgomery Street, Suite 3000     101 Montgomery St., Ste 1600
    San Francisco, California 94104-5500     San Francisco, CA 94104-4133
13   Telephone: 415.391.4800     Telephone: (415) 693-0550
    ef-fhb@cpdb.com     nathan@jkzllp.com
14

15   Attorneys for Celeste Lytle,     Attorneys for Stuart Schoenmann, Celeste
    Beth Schoenmann, and Colette Sims     Lytle, Beth Schoenmann, and Colette Sims
16

17              **UNITED STATES BANKRUPTCY COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19   In re: | Case No. 22-30028 (DM) |
| 20   E. LYNN SCHOENMANN, | Chapter 7 |
| 21          Debtor. | |
| 22   STUART SCHOENMANN, in his capacity | Adv.Pro.No. 22-03105 (DM) |
| 23   as executor of the estate of Donn R.<br>    Schoenmann, | Consolidated with: |
| 24          Plaintiff, | Adv.Pro.No. 24-03035 (DM) |
| 25           v. | Date:    October 17, 2025 |
| 26   E. LYNN SCHOENMANN, | Time:    10:00 a.m. |
| 27          Defendant. | Location:   Telephonic/Videoconference/In<br>           Person |
| 28 | Judge:    Hon. Dennis Montali |

Case: 22-30028    Doc# 769    Filed: 10/02/25    Entered: 10/02/25 14:29:05    Page 1 of
33

**PETITIONERS' OPPOSITION TO DEBTOR'S MOTION FOR RECONSIDERATION, AND PETITIONERS' REQUEST FOR JUDICIAL NOTICE**

TO THE HON. DENNIS MONTALI, U.S BANKRUPTCY COURT JUDGE:

Creditor and state court Petitioner Stuart Schoenmann ("Executor"), both individually and as executor of the Estate of Donn R. Schoenmann ("Probate Estate"), together with creditors and state court Petitioners Celeste Lytle, Beth Schoenmann, and Colette Sims (collectively, "Petitioners," or "Creditors") respond to E. Lynn Schoenmann's ("Debtor") motion for reconsideration ("Motion") of this Court's Memorandum Decision Regarding Consolidated Adversary Proceedings and Remaining Major Issues in Bankruptcy Case ("Memorandum Decision") [ECF # 750] and related Order Abstaining from Deciding Consolidated Adversary Proceedings, Dismissing Them and Granting Relief from Stay ("Abstention Order") [ECF # 751] docketed on September 3, 2025.

**1.     Legal Standards for Relief Under Federal Rule of Civil Procedure 59(e)**

A motion brought under Federal Rule of Civil Procedure ("FRCP") 59(e)[1] involves reconsideration on the merits and should not be granted unless it is based on one or all of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law. *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) *("Oak Park")*. Relief under FRCP 59(e) is "extraordinary" and "should be used sparingly." M*cDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

Just as in *Oak Park*, there is no newly discovered or previously unavailable evidence presented and no intervening change in controlling law, so the Motion must be based either on a manifest injustice or manifest errors of law or fact.

A "manifest injustice" is defined as "an error in the trial court that is direct, obvious, and

---

[1] Made applicable to these proceedings by Federal Rule of Bankruptcy Procedure ("FRBP") 9023.

Case: 22-30028    Doc# 769    Filed: 10/02/25    Entered: 10/02/25 14:29:05    Page 2 of 33

observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds;" while the term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record*." Oak Park*, Id., at 683. Neither is present here, and the Motion should be denied.

**2.      This Court Has Jurisdiction To Issue the Memorandum Decision. The Pending Appeals Concern Potentially Interlocutory Orders, and Even If the Orders Are Final, This Court Can Issue An Indicative Decision Under FRBP 8008**

Debtor correctly notes that Petitioners appealed this Court's Orders (i) Denying Renewed Motion for Relief from Stay docketed on December 9, 2024 [ECF # 629], (ii) Consolidating Adversary Proceedings in Adversary Proceeding No. 24-03035 docketed on December 11, 2024 [ECF # 632] and (iii) Denying Motion To Abstain and Stay Adversary Proceeding in Adversary Proceeding No. 24-03035 docketed on December 11, 2024 [ECF # 18] (collectively, the "Appealed Orders"), to the U.S. District Court, and those appeals remain pending as District Court Case Nos. 3:25-cv-00142-EMC and 3:25-cv-00504, and are collectively referred to as the "USDC Appeals."

Debtor also correctly states that it is generally true that the timely filing of a notice of appeal divests the [lower] court of jurisdiction. This rule is "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Neary v. Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000). However, this rule is not absolute. *Id. Barrett v. Salton Sea Ests. III LLC (In re Barrett)*, No. 3:22-cv-222-RBM-BGS, 2023 U.S. Dist. LEXIS 11470, at *5 (S.D. Cal. Jan. 23, 2023).

**(a)      The Appealed Orders May Be Interlocutory, In Which Case This Court Retains Jurisdiction**

Appellate courts do not have jurisdiction to hear interlocutory appeals in bankruptcy cases. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). Although the "finality rule is given additional flexibility in the bankruptcy proceedings context, traditional finality concerns nonetheless dictate that we avoid having a case make two complete trips through the appellate process." *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1043 (9th Cir. 1997), cited in *Samson v. Blixseth (In re Blixseth)*, 539

F. App'x 703, 703 (9th Cir. 2013). And consequently, this Court did not lose its jurisdiction over this matter if the Appealed Orders are determined to be interlocutory. See *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1389 n.11 (9th Cir. 1987), cited in *George v. City of Morro Bay (In re George)*, NO. 97-56626, 1999 U.S. App. LEXIS 10918, at *5 (9th Cir. May 24, 1999)

There are arguments on both sides as to the finality of the Appealed Orders,[2] and until those arguments are decided in the USDC Appeals nothing precludes this Court from exercising its discretion to issue the Memorandum of Decision and related Abstention Order. And as a matter of practicality, if the Motion is denied Petitioners intend to dismiss the USDC Appeals as moot.

### (b) This Court Can Issue An Indicative Decision Under FRBP 8008

In the alternative, this Court can modify the Memorandum of Decision and related Abstention Order to reflect an "indicative decision" under FRBP 8008, in which case Petitioners would dismiss the USDC Appeals as moot. FRBP 8008 authorizes the bankruptcy court and the appellate court to share jurisdiction over the matter. This permits the bankruptcy court, through an indicative ruling, to communicate to the appellate court its intention to provide relief if the appeal is remanded for the purpose of revesting the bankruptcy court with jurisdiction to do so. See *In re Halper*, 2019 Bankr. LEXIS 1967, 2019 WL 2762340, at *3 (9th Cir. BAP, June 28, 2019) This would promote a "just, speedy and inexpensive determination of [the] case and proceeding." See, *Debtor v. McGhee-Pane ( In re Covarrubias)*, No. 2:22-cv-01025-CDS,, at *2-3 (D. Nev. Mar. 6, 2023)

### 3. The Debtor Consented To This Court's Jurisdiction Over the Debtor's Profit-Sharing Plan ("PSP")

By offering and voluntarily agreeing to pledge the PSP as cash collateral/security for the right to use cash that was otherwise property of the Executor, the Debtor consented to the PSP becoming property of the Bankruptcy Estate subject to the Sequestration Order.[3] See, *Rains v. Flinn (In re Rains)*, 428 F.3d 893, 906 (9th Cir. 2005) ("*Rains*").

---

[2] See Request for Judicial Notice, Trustee's Motion To Dismiss Appeal of Order Denying Renewed Motion for Relief from Stay in USDC Appeal 3:25-cv-00142-EMC, which remains pending.

[3] Order Sequestering Specific Cash entered on August 30, 2022 [ECF No. 156] ("Sequestration Order").

Case: 22-30028    Doc# 769    Filed: 10/02/25    Entered: 10/02/25 14:29:05    Page 4 of 33

The relevant facts in *Rains* are:

Omer L. Rains is an attorney and a debtor in bankruptcy. Kenny W. Flinn is the bankruptcy trustee. The bankruptcy court appointed a mediator in connection with adversary proceedings involving Rains, Flinn, and a creditor, and a settlement was reached and reduced to writing.

Pursuant to the terms of the settlement, Rains and his wife, also a debtor, agreed to pay the trustee $ 250,000. Upon timely payment, the trustee and the creditor agreed to dismiss the adversary proceedings and withdraw their objections to claimed exemptions from the bankruptcy estate. Among the exemptions claimed by Rains was his interest in a retirement plan sponsored by the American Bar Association ("ABA Plan"). The agreement alternatively provided that: in the event that payment is not timely made by the defendants, judgment shall be entered denying the debtors' discharge and an order shall be entered denying the debtors' exemption claim to the ABA pension plan up to the amount of $ 250,000 unless before the due date for payment the debtors have posted an irrevocable standby letter of credit . . . (or other instrument or collateral acceptable to the trustee and to [the creditor]) to support the $ 250,000 payment." *Rains*, Id., at 897.

The Ninth Circuit held that: (i) while a debtor has the option to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant non-bankruptcy law under *Patterson v. Shumate*, 504 U.S. 753, 758, 112 S. Ct. 2242 (1992), the exclusion is permissive rather than mandatory; and (ii) by ceding his claim of exemption in the settlement agreement, Rains necessarily agreed to include the retirement plan funds in the bankruptcy estate pursuant to the well settled rule that property cannot be exempted unless it is first property of the estate. *Rains*, Id., at 905 - 906.

It was the Debtor, not the Petitioners, who offered the PSP as security,[4] and thereby voluntarily consented to this Court's jurisdiction. Merely stating a potential negative consequence alone does not constitute a manifest injustice under FRCP 59. *Multinational Life Ins. Co. v. Van Rhyn Solder (In re Van Rhyn Solder)*, Nos. 14-10211 BKT, 15-00181 BKT, 2016 Bankr. LEXIS 2232, at *11 (Bankr. D.P.R. June 8, 2016)

---

[4] See Debtor's Adequate Protection Proposal filed August 24, 2022 [ECF No. 150].

Case: 22-30028    Doc# 769    Filed: 10/02/25    Entered: 10/02/25 14:29:05    Page 5 of 33

**4.     The Debtor's "Background Facts" Are Another Example of Her Revisionist History, and Petitioners Object and Dispute Them**

The Motion on pp. 3:2 – 7:12 rewrites and reargues the "background facts," and Petitioners object and dispute all of them. As an example, the Debtor continues to bring up a statement by Petitioner's former counsel concerning an alleged admission that the Debtor closed certain accounts. Motion, p. 3:24 – 4:28. Debtor simply ignores the Declaration of Richard Lapping In Opposition To Motion To Dissolve Sequestration Order filed on March 8, 2024 [ECF # 507-1], wherein Mr. Lapping states in ¶3: "My comment that the accounts "are gone" meant that the accounts may have been moved to different banks with different bank account numbers. I did not mean that the cash stated in the accounts had been spent."

Debtor's remaining "background facts" are from the Debtor's "Statement" Re: Motion for Order: (1) Approving Abandonment of the Estate's Interest In the Inherited IRA and Two Required Minimum Distributions; and (2) Authorizing the Trustee To Remit One of the Required Minimum Distribution Funds To the Debtor filed on November 26, 2024 [ECF No. 624] Rather than waste any more of this Court's time, Petitioners incorporate by this reference and ask this Court to take judicial notice of their Response to that Statement.[5]

**5.     The Debtor's Alternatives To the Forced Liquidation of the PSP Are Extraordinarily Prejudicial To the Petitioners**

The Debtor's proposes the Court could: "(a) immediately dissolve the Sequestration Order in its entirety without *any* restriction; (b) stay entry of the order for a period of time (approximately 30 days); and (c) allow the Probate Estate to file appropriate pleadings with a court of competent jurisdiction seeking an issuance of an injunction (TRO or Preliminary Injunction) over use of the funds in the Profit-Sharing Plan and/or the Inherited IRA."  Motion, p. 13:12-16. Each of these alternatives leaves Petitioners at risk the Debtor will alienate the funds in the PSP, and forces the

---

[5] Petitioners' Omnibus Opposition To (I) Debtor's Motion To: (1) Modify Order Sequestering Specified Cash; and (2) Authorize Issuance Of Required Minimum Distributions For 2024 [ECF No. 618]; and (II) Response and Motion To Strike Debtor's "Statement" Re: Motion for Order: (1) Approving Abandonment of the Estate's Interest In the Inherited IRA and Two Required Minimum Distributions; and (2) Authorizing the Trustee To Remit One of the Required Minimum Distribution Funds To the Debtor [ECF No. 624], filed on December 3, 2024 [ECF # 625].

Case: 22-30028    Doc# 769    Filed: 10/02/25    Entered: 10/02/25 14:29:05    Page 6 of 33

Petitioners to seek relief from the Probate Court at their risk and expense.

The Sequestration Order must not be dissolved. Debtor offered the PSP and other accounts as security for $503,554.82 in cash that Petitioners contend belongs to them.[6] It must also be remembered that Petitioners agreed to dismiss Adversary Proceeding No. 22-03019 seeking a determination of the dischargeability of their claims[7] against the Debtor **only after** the Court entered the Sequestration Order. Having gotten the full benefit of spending the funds replaced by the security in the Sequestration Order, the Debtor is estopped to argue the Sequestration Order should now be dissolved until this dispute is resolved after a full and fair trial on the merits in the Probate Case.

And staying an order dissolving the Sequestration Order for 30 days while Petitioners are forced to incur the risk and expense of seeking injunctive relief from a "court of competent jurisdiction" (presumably, the Probate Court) is simply unfair and inequitable.

**6.      Conclusion**

The fact the Debtor will incur a tax liability if forced to liquidate the PSP Account is something she should have considered when she offered it as security for the community funds that belong to the Petitioners. Moreover, merely stating a potential negative consequence alone does not constitute a manifest injustice under FRCP 59. *Multinational Life Ins. Co. v. Van Rhyn Solder (In re Van Rhyn Solder)*, Nos. 14-10211 BKT, 15-00181 BKT, 2016 Bankr. LEXIS 2232, at *11 (Bankr. D.P.R. June 8, 2016)

The Motion does not demonstrate either a manifest injustice or manifest errors of law or fact, and should be denied, except to the extent the Court chooses to deem the Memorandum of Decision and Abstention Order an "indicative ruling" under FRBP 8008, which will allow Petitioners to dismiss the USDC Appeals as moot.

---

[6] See, Declaration of Alicia Gamez In Support Of Motion to Prohibit Or Condition Debtor's Use of Cash Collateral and for Adequate Protection filed on June 30, 2022 [EFC No. 104-1], of which this Court is requested to take judicial notice, and which is fully incorporated by this reference herein.
[7] See Stipulation to Dismiss Adversary Proceeding with Prejudice filed on September 9, 2023 [ECF No. 78 in AP No. 22-03019], well after entry of the Sequestration Order on August 30, 2022 and the Extension Order on June 6, 2023.

Case: 22-30028    Doc# 769    Filed: 10/02/25    Entered: 10/02/25 14:29:05    Page 7 of 33

Date: October 1, 2025

October 1, 2025

LAW OFFICE OF WAYNE A. SILVER

JKZ LLP

*/s/ Wayne A. Silver*
Wayne A. Silver, attorney for *Stuart Schoenmann, as Executor of the Probate Estate of Donn R. Schoenmann*

*/s/ Nathan D. Borris*
Nathan D. Borris, attorneys for *Stuart Schoenmann, Celeste Lytle, Beth Schoenmann, and Colette Sims*

**REQUEST FOR JUDICIAL NOTICE**

Petitioners request this Court take judicial notice of the attached Appellee Trustee's Motion To Dismiss Appeal of "Order Denying Renewed Motion For Relief From Stay;" Memorandum of Points and Authorities; Declaration of Trustee Jason M. Rund In Support filed on August 8, 2025 [ECF # 14] in USDC Appeal Case No. 3:25-cv-00142-EMC.

Date: October 1, 2025

LAW OFFICE OF WAYNE A. SILVER

*/s/ Wayne A. Silver*
Wayne A. Silver, attorney for *Stuart Schoenmann, as Executor of the Probate Estate of Donn R. Schoenmann*

October 1, 2025

JKZ LLP

*/s/ Nathan D. Borris*
Nathan D. Borris, attorneys for *Stuart Schoenmann, Celeste Lytle, Beth Schoenmann, and Colette Sims*

Page - 9

Case No.: 22-30028 (DM)

Thomas H. Casey – Bar No. 138264
Michael D. Good – Bar No. 176033
LAW OFFICE OF THOMAS H. CASEY, INC.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Telephone:   (949) 766-8787
Facsimile:    (949) 766-9896
TomCasey@tomcaseylaw.com

Counsel for Jason M. Rund
Appellee Chapter 7 Bankruptcy Trustee

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STUART SCHOENMANN, Individually and as Executor of the Probate Estate of Donn R. Schoenmann, BETH SCHOENMANN, COLETTE SIMS, CELESTE LYTLE,<br><br>      Appellants,<br><br>      v.<br><br>CHAPTER 7 TRUSTEE JASON M. RUND and E. LYNN SCHOENMANN<br><br>      Appellees. | Case No. 3:25-cv-00142-EMC<br><br>**APPELLEE TRUSTEE'S MOTION TO DISMISS APPEAL OF "ORDER DENYING RENEWED MOTION FOR RELIEF FROM STAY;" MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TRUSTEE JASON M. RUND IN SUPPORT** |

///

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND FACTUAL BACKGROUND. ................... 1

    A.    Ms. Schoenmann's Bankruptcy Case. ......................................... 2

    B.    Petitioners' Proofs Of Claim, "Accounting And Delivery" Complaint, And Subsequent Request For Automatic Stay Relief. ................................................................................................ 3

        1.    Petitioners' Proofs Of Claim And "Accounting And Delivery" Complaint. ........................................................ 3

        2.    Petitioners' Motion For Automatic Stay Relief. .............. 4

    C.    The Bankruptcy Court's December 6, 2024 Hearing And Resulting Orders. ................................................................... 5

        1.    Interim Denial Of Stay Relief – Subject To Later Review. ................................................................................... 6

        2.    The Adversary Consolidation Order. ............................... 7

II.   THE STAY RELIEF ORDER IS INTERLOCUTORY AND THIS COURT LACKS JURISDICTION. ...................................................... 7

III.  APPELLATE REVIEW OF THE STAY RELIEF ORDER IS NOT WARRANTED. .............................................................................. 11

    A.    No "Exceptional Circumstances" Justify Appellate Review. ... 12

    B.    The Stay Relief Order Does Not Involve A Controlling Question Of Law. ................................................................................. 15

    C.    The Stay Relief Order Does Not Involve Any Question Of Law (Let Alone One For Which There Is A "Substantial Ground For Difference Of Opinion"). ......................................................... 16

    D.    Immediate Appeal Does Not Advance Litigation .................... 17

IV.   CONCLUSION ................................................................................ 18

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ................................................................................................................11

*Allen v. Conagra Foods, Inc.*, 2013 WL 6000456, at *1 (N.D. Cal. Nov. 12, 2013) ...............................................................................................................12

*Aniel v. HSBC Bank USA, Nat'l Ass'n,* 633 B.R. 368, 383 (N.D. Cal. 2021)..........13

*Attison v. Whiting Door Mfg. Corp.*, 2021 WL 5242919, at *5 (C.D. Cal. Sept. 16, 2021) ............................................................................................................12

*Bullard v. Blue Hills Bank*, 575 U.S. 496, 135 S. Ct. 1686, 1692, 1695, 191 L. Ed. 2d 621 (2015) ...............................................................................................8

*In re Chavez*, 2022 WL 22608326, at *5 (C.D. Cal. Dec. 6, 2022) .......................11

*In re Gugliuzza*, 852 F.3d 884, 893 (9th Cir. 2017) ..................................................8

*In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009)..................................13

*In re Mayer*, 28 F.4th 67, 71 (9th Cir. 2022) ............................................................8

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir.2002) .............12

*Mateo v. M/S KISO*, 805 F. Supp. 792, 799 (N.D. Cal. 1992) ................................12

*Nanavati v. Adecco USA, Inc.*, 2015 WL 4035072, at *1 (N.D. Cal. June 30, 2015) ...............................................................................................................12

*Pivot Point Partners, LLC v. Schoenmann*, 2017 WL 4310760, at *3 (N.D. Cal. Sept. 28, 2017) ...............................................................................................17

*Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 140 S. Ct. 582, 205 L. Ed. 2d 419 (2020)..............................................................................................8

*United States v. Wen-Bing Soong*, 2014 WL 988632, at *1 (N.D. Cal. Mar. 10, 2014) .............................................................................................................16

**Statutes**

28 U.S.C. § 158(a)(1)..................................................................................................8

28 U.S.C. § 158(a)(3).............................................................................................8, 11

28 U.S.C. 1292(b) .....................................................................................................11

Jason M. Rund, Chapter 7 Trustee ("Trustee") for Ms. Schoenmann's bankruptcy estate, moves this Court to dismiss the appeal of Stuart Schoenmann (individually and as executor), Celeste Lytle, Beth Schoenmann, and Colette Sims (collectively "Petitioners") of the "Order Denying Renewed Motion For Relief From Stay" entered December 9, 2024 (Docket Entry No. 629) (the "Stay Relief Order")

The Stay Relief Order is interlocutory and not appealable as of right under 28 U.S.C. § 158(a)(1), and Petitioners cannot satisfy the requirements for discretionary leave under § 158(a)(3).

# I.    <u>INTRODUCTION AND FACTUAL BACKGROUND.</u>[1]

This case involves a bitter family dispute that has consumed years of litigation and significant estate resources.  After Donn Schoenmann ("Mr. Schoenmann")'s 24-year battle with cancer ended in death, his adult children from a prior marriage (the "Petitioners") sued his widow, E. Lynn Schoenmann ("Ms. Schoenmann"), claiming she manipulated their dying father into reversing his prior, testamentary disposition of the couple's real property assets (the "Real Property Assets").  A California Superior Court agreed with the Petitioners.

In response, Ms. Schoenmann sought bankruptcy protection – first, through Chapter 11, then in Chapter 7.  Ultimately, the Chapter 7 Trustee liquidated all the Schoenmanns' real estate.  Importantly, he did so with Petitioners' stipulated consent

---

[1] The facts underlying these disputes have been set forth at length in the Trustee's First Motion to Dismiss.

and acquiescence.

Despite their earlier "full-throated"[2] participation in Ms. Schoenmann's bankruptcy, Petitioners then sought stay relief to take their disputes with her back to Superior Court.  The Bankruptcy Court preliminarily (and without prejudice) denied Petitioners' request but explicitly stated his willingness to revisit the same request later.  Concurrently, he consolidated Petitioners' adversary proceeding *against* Ms. Schoenmann with one subsequently filed *by* Ms. Schoenmann.

The Bankruptcy Court's "wait and see" approach was not acceptable to Petitioners.  Along with three other, unrelated orders (all of which have been dismissed), they appealed the Bankruptcy Court's Stay Relief Order (and its Adversary Consolidation Order) to this Court.  Because Petitioners' remaining appeals amount to nothing more than wasteful litigation over interlocutory orders the Bankruptcy Court has expressly reserved the right to reconsider, the Trustee seeks their dismissal, with prejudice.

## A.    Ms. Schoenmann's Bankruptcy Case.

The disputes underlying Ms. Schoenmann's Chapter 7 case are summarized above.  Briefly, Ms. Schoenmann sought bankruptcy protection on January 14, 2022 - just weeks after the California Superior Court issued a 26-page "Tentative Decision

---

[2] *See* Exhibit "2" to the Trustee's concurrently filed "Appendix Of Appellate Record Excerpts" in support of the Motion ("Appendix"), at p.6. References to "Exhibits" are to those items set forth in the Appendix.

And Proposed Statement Of Decision," etc. ("Tentative Decision") determining, in essence, that a 2016 Post Marital Agreement between the Schoenmanns "was the product of undue influence and as a result [was] invalid."

After his appointment in Ms. Schoenmann's Chapter 7 case,[3] the Trustee sold all Real Property Assets with Petitioners' stipulated participation and consent. Additionally, the Trustee administered or abandoned certain items of personal property remaining in the Chapter 7 estate. The Trustee's recently filed motion to abandon all remaining personal property assets of the bankruptcy estate is scheduled for hearing on August 29, 2025 in the Bankruptcy Court.

**B.    Petitioners' Proofs Of Claim, "Accounting And Delivery" Complaint, And Subsequent Request For Automatic Stay Relief.**

As the discussion above suggests, Ms. Schoenmann's and Petitioners' relationship has been intensely bitter – leading to litigation at multiple levels, over multiple issues.  This litigation includes:

1.    Petitioners' Proofs Of Claim And "Accounting And Delivery" Complaint.

Shortly after Ms. Schoenmann sought bankruptcy relief, Petitioners filed numerous proofs of claim[4] in the Bankruptcy Court and have recently communicated

---

[3] Appellants' EOR, Exhibit "A" (Docket in Case No. 22-30028) at p.59 (Docket Entry No. 397) (Appointment of Trustee and Approval of Bond Following conversion of case to Chapter 7).

[4] Pursuant to Fed.R.Evid. 201 and to the authorities cited herein, this Court may take judicial notice of Claim No's

their intention to file further amended proofs of claim. Petitioners also initiated their 2022 adversary proceeding ("Petitioners' Accounting And Delivery Action")[5] seeking accounting and delivery of cash and personal property in which they claimed a community interest.  During the initial Chapter 11 phase of the bankruptcy case Ms. Schoenmann responded with her own 2024 adversary proceeding ("Ms. Schoenmann's Declaratory Relief Action")[6] seeking declaratory relief regarding her claimed exclusive interest in the same assets.

Petitioners sought the Bankruptcy Court's abstention from adjudicating Ms. Schoenmann's Declaratory Relief Action – but *did not* seek abstention regarding their own Accounting And Delivery Action.

2.    Petitioners' Motion For Automatic Stay Relief.

Meanwhile, Petitioners asked for automatic stay relief to litigate against Ms. Schoenmann for *in personam* money damages in Superior Court.[7]  The crux of Petitioners' stay relief request was that the so-called "*Curtis* factors" commonly applied in evaluating a stay relief request "weighed heavily"[8] in favor of permitting Petitioners to litigate in a forum other than the Bankruptcy Court.

---

16,17,18,19,20,25,26, and 27 filed on the Bankruptcy Court's claims register.

[5] *See* Exhibit "C" to Petitioners' Excerpts of Record (ECF 6-2 at p.106).

[6] *See* Exhibit "B" to Petitioners' Excerpts of Record (ECF 6-2 at p.98).

[7] *See* Exhibit "1."

[8] *Id*.

**C.    The Bankruptcy Court's December 6, 2024 Hearing And Resulting Orders.**

At a December 6, 2024 hearing, the Bankruptcy Court heard and determined Petitioner's requests.   Importantly – and despite the Bankruptcy Court's repeated invitation – Petitioners appeared unable to articulate any cognizable "cause" for the stay relief they requested:

> I mean, gentlemen and ladies, look, I am being asked to make a huge decision here that you feel very strongly about, to send back to the superior court something, and **_I have no clue of what is the purpose of doing it_**. And so I can engage in a hypothetical about a new judge, what I as a new superior court judge [would] say, 'What in the hell am I supposed to do.' And — and it doesn't help me to say, well, Lynn Schoenmann might object, therefore, we need to have a final order.[9]
>
> . . . .
>
> We have an adversary proceeding that was initiated by Stuart Schoenmann through Richard Lapping that is just sitting there on the docket waiting for something to happen. **_And I — I am — I am continually at a loss. And I will state it again and again and again to know what purpose is being served by your motion to grant relief from stay and to abstain from an adversary proceeding_**.
>
> So I am open. I will take any of the three of you, if you'd like to give me at least one thing that would be accomplished that is productive of an outcome and that helps anybody except the lawyers who were billing their clients, I'd like to know what it is.[10]

///

---

[9] *See* Exhibit "2," p.52, ll.18 – 25.

[10] *Id*., p.53, l.21 – 54. l.7.

1.    <u>Interim Denial Of Stay Relief – Subject To Later Review.</u>

The Bankruptcy Court ultimately denied Petitioners' request for stay relief, but nevertheless specifically left the door open for possible future relief:

> So I'm simply not of the view that it's appropriate at this point to — to abstain or grant relief from stay. ***It may be at some point in the future still, but nobody has [yet] persuaded me that, to my satisfaction, that I should...***[11]

> And if somebody at some date in the future can convince me that there is a need to go have the superior court enter a final judgment, they will have to persuade me why that's necessary.[12]

> ***And — and at some point when the smoke clears, maybe I will be willing to revisit and transfer this matter back to the superior court to abstain from both of them.*** But I'm telling you until somebody could convince me that there is some meaningful reason to do so, I'm not inclined to do it...[13]

> THE COURT: And I — and — and I acknowledge, Mr. Silver, I do acknowledge that to the extent that the trustee in bankruptcy, Mr. Rund, has disclaimed or abandoned things, to some extent there is a question, it's a fair question as to whether the bankruptcy court should extend the jurisdiction to decide a dispute between two people, neither of whom are presently in bankruptcy. ***But — and that's why I'm not denying it outright. I — I will revisit it perhaps at some point in the future.***[14]

> THE COURT [to Petitioners' counsel]: ***I think I made it very clear more than once in this discussion that I'm willing to revisit it in the future, if necessary or appropriate.***[15]

---

[11] *Id.*, p.66, ll.19 – 22 (emphasis supplied).

[12] *Id.*, p.67, ll.15 – 18.

[13] *Id.*, p.70, ll.17 – 23 (emphasis supplied).

[14] *Id.*, p.71, ll.12 – 20 (emphasis supplied).

[15] *Id.*, p.80, ll.3 – 18 (emphasis supplied).

      2.     <u>The Adversary Consolidation Order.</u>

Further, the Bankruptcy Court administratively consolidated, *sua sponte*, Petitioners' Accounting And Delivery Action and Ms. Schoenmann's Declaratory Relief Action (i.e., the Adversary Consolidation Order, Adv. Pro 22-03105, Doc 25). The Adversary Consolidation Order entered December 11, 2024, dismissed the Trustee from the consolidated adversary proceeding.

Petitioners ultimately appealed the Stay Relief Order and the Adversary Consolidation Order.  They later sought[16] – unsuccessfully[17] – to stay all matters in Ms. Schoenmann's Chapter 7 pending their appeal.  Petitioners never subsequently sought any stay in this Court.

The Stay Relief Order is interlocutory and not appealable as of right under 28 U.S.C. § 158(a)(1), and Appellants have not sought nor can they satisfy the requirements for discretionary leave to appeal under 28 U.S.C. § 158(a)(3). Consequently, this Court has no jurisdiction to hear them.

## II.    <u>THE STAY RELIEF ORDER IS INTERLOCUTORY AND THIS COURT LACKS JURISDICTION.</u>

District courts have jurisdiction to hear appeals from the Bankruptcy Court's

---

[16] *See* Exhibit "3."

[17] Pursuant to Fed.R.Evid. 201, the Trustee respectfully requests that this Court take judicial notice of the Bankruptcy Court's "Memorandum Decision on Motion for Stay Pending Appeal" and "Order Denying Motion for Stay Pending Appeal," true and correct copies of which are appended to the Rund Decl. as Exhibits "4" and "5."

(i) "final judgments, orders, and decrees."[18]  This Court may also hear appeals from the Bankruptcy Court's "interlocutory orders and decrees," but only "with leave."[19]

A Bankruptcy Court's order is "final" if it "'alters the status quo and fixes the rights and obligations of the parties,' . . . or 'alters the legal relationships among the parties.'"[20]  An order denying stay relief is final if it "conclusively resolve[s] the discrete issue of whether [the moving party] could obtain relief from the stay"[21] for the purposes described in the motion.[22]

Here, by contrast to *Mayer*, the Bankruptcy Court's denial of the Petitioners' Stay Relief Motion *did not* fix any of Petitioners' rights (i.e., their ability to seek stay relief for the purpose of litigating their claims in Superior Court).  While determining it was not "appropriate *at this point* to — to abstain or grant relief from

---

[18] 28 U.S.C. § 158(a)(1).

[19] 28 U.S.C. § 158(a)(3).

[20] *In re Gugliuzza*, 852 F.3d 884, 893 (9th Cir. 2017) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 135 S. Ct. 1686, 1692, 1695, 191 L. Ed. 2d 621 (2015)).

[21] *In re Mayer*, 28 F.4th 67, 71 (9th Cir. 2022).

[22] The Supreme Court addressed the finality of stay relief orders in *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 140 S. Ct. 582, 205 L. Ed. 2d 419 (2020).  *Ritzen Grp.'s* "finality" analysis focused on the bankruptcy "proceeding" under adjudication – and the "conclusiveness" of that adjudication.  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 43, 46, 47, 140 S. Ct. 582, 589, 592, 592, 205 L. Ed. 2d 419 (2020).  But *Ritzen Grp.* qualified its holding in a footnote (n.4) (emphasis supplied):

> We do not decide whether finality would attach to an order denying stay relief if the bankruptcy court enters it "without prejudice" because *further developments might change the stay calculus*. Nothing in the record before us suggests that this is such an order.

Later, the Ninth Circuit extended *Ritzen Grp.*'s holding to a bankruptcy court's denial of stay relief "without prejudice," where the record made clear that – notwithstanding its "non-prejudicial" nature – further developments in that case would *not* "change the stay calculus."  *In re Mayer*, 28 F.4th 67, 68–69, 71–72 (9th Cir. 2022).

Thus, this Court must determine whether the Bankruptcy Court's Stay Relief Order – entered "without prejudice" – nevertheless "conclusively resolved" Petitioners' request.  As discussed (and by contrast to *Mayer*), the present record demonstrates it did not.

stay,"[23] the Bankruptcy Court nevertheless repeatedly stressed that it may "revisit [Petitioners' request] perhaps *at some point in the future*."[24]   In other words, the Bankruptcy Court did not make any substantive determination regarding Petitioners' ability to obtain their requested relief, pending further developments.

By extension, the Bankruptcy Court therefore *did not* "conclusively resolve" the discrete issue of whether Petitioners could *ever* obtain stay relief to proceed with their claims in Superior Court. Unlike the litigation in *Mayer*, Petitioners' claims are *not* "ready for trial"[25] – in the Bankruptcy Court *or* in the Superior Court. Consequently, Petitioners' request for stay relief was, in the Bankruptcy Court's view, not ripe for conclusive determination.   Indeed, the Bankruptcy Court acknowledged – repeatedly – that "at some point when the smoke clears, maybe I will be willing to revisit and transfer this matter back to the [S]uperior [C]ourt to abstain from [further proceedings in the Bankruptcy Court]."[26]

> THE COURT: And I — and — and I acknowledge, Mr. Silver, I do acknowledge that to the extent that the trustee in bankruptcy, Mr. Rund, has disclaimed or abandoned things, to some extent there is a question, it's a fair question as to whether the bankruptcy court should extend the jurisdiction to decide a dispute between two people, neither of whom are presently in bankruptcy. ***But — and that's why I'm not denying it***

---

[23] Exhibit "2," p.66, ll.19 – 22 (emphasis supplied).

[24] Exhibit "2," p.70, ll.17 – 23 (emphasis supplied).

[25] *In re Mayer*, 28 F.4th at 71.

[26] Exhibit "2," p.70, ll.17 – 23.

*outright. I — I will revisit it perhaps at some point in the future.*[27]

. . . .

THE COURT [to Petitioners' counsel]: ***I think I made it very clear more than once in this discussion that I'm willing to revisit it in the future, if necessary or appropriate.***[28]

The Bankruptcy Court likewise *did not* determine there were no "further developments that might change the stay calculus."[29] To the contrary, the Bankruptcy Court's repeatedly stated "willing[ness] to revisit"[30] Petitioners' request "in the future,"[31] "once the smoke clears"[32] and "if necessary or appropriate,"[33] necessarily demonstrates the Bankruptcy Court's recognition that "further developments" [34] *could* "affect the stay calculus"[35] – and, therefore, explicitly left room for such considerations.  Therefore, the Bankruptcy Court's Stay Relief Order is interlocutory.

///

///

///

---

[27] *Id.*, p.71, ll.12 – 20 (emphasis supplied).

[28] *Id.*, p.80, ll.3 – 18 (emphasis supplied).

[29] *In re Mayer*, 28 F.4th at 71.

[30] *Id.*, p.80, ll.3 – 18.

[31] *Id.*

[32] *Id.*, p.70, ll.17 – 23.

[33] *Id.*, p.80, ll.3 – 18.

[34] *In re Mayer*, 28 F.4th at 71.

[35] *Id.*

## III.    APPELLATE REVIEW OF THE STAY RELIEF ORDER IS NOT WARRANTED.

"[L]eave of the [district] court"[36] to hear an interlocutory bankruptcy appeal under 28 U.S.C. 158 is informed by section 1292(b)[37] of the same title:

> In the context of an appeal of an order issued by a bankruptcy court, courts "look for guidance to standards developed under 28 U.S.C. § 1292(b) to determine if leave to appeal should be granted, even though the procedure is somewhat different." . . . "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." . . .[38]

Section 1292(b)'s criteria "are conjunctive, not disjunctive. 'The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.'"[39]  Indeed, "[s]ection 1292(b) is a departure from the normal rule that only final judgments are appealable,

---

[36] 28 U.S.C. § 158(a)(3) (emphasis supplied).

[37] 28 U.S.C. 1292(b) provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

[38] *In re Chavez*, 2022 WL 22608326, at *5 (C.D. Cal. Dec. 6, 2022) (internal citations omitted).

[39] *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir.1991)).

and therefore must be construed narrowly."[40]  As such:

> interlocutory appeals are highly disfavored, as courts may only use the statutory authorization for immediate appeal in exceptional circumstances . . . .  "The requirements of § 1292(b) are jurisdictional," and certification is a "narrow" exception to the final judgment rule . . . .[41]
>
> . . . .
>
> The purpose of [1292(b)] is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." . . .  In seeking interlocutory appeal, a movant therefore has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[42]

Here, Petitioners have not met their "heavy burden."

## A.    No "Exceptional Circumstances" Justify Appellate Review.

Section 158, as informed by section 1292(b), "exists for those exceptional circumstances where considerations of judicial economy and fairness demand interlocutory review of an order."[43]  Accordingly:

> the Court should consider whether litigation in reliance on its order permitting an interlocutory appeal would be "protracted and expensive."  . . . If an interlocutory appeal would actually delay the

---

[40] *Allen v. Conagra Foods, Inc.*, 2013 WL 6000456, at *1 (N.D. Cal. Nov. 12, 2013) (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir.2002))

[41] *Attison v. Whiting Door Mfg. Corp.*, 2021 WL 5242919, at *5 (C.D. Cal. Sept. 16, 2021) (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1026 and *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

[42] *Nanavati v. Adecco USA, Inc.*, 2015 WL 4035072, at *1 (N.D. Cal. June 30, 2015) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995), *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

[43] *Mateo v. M/S KISO*, 805 F. Supp. 792, 799 (N.D. Cal. 1992), abrogated on other grounds by *Brockmeyer v. May*, 361 F.3d 1222 (9th Cir. 2004).

conclusion of the litigation, the Court should not certify the appeal. *See Shurance*, 839 F.2d at 1348 (refusing to hear certified appeal in part because decision of Ninth Circuit might come after scheduled trial date).[44]

Here:

- *The Bankruptcy Court's Stay Relief Order is not pivotal* – primarily because (as just discussed) the Bankruptcy Court, explicitly left the door open for possible future relief:  "I think I made it very clear more than once in this discussion that I'm willing to revisit [stay relief] in the future, if necessary or appropriate."[45]  Where the Bankruptcy Court expressly reserved discretion to give Petitioners relief *later*, there is nothing "pivotal" for this Court to review *now*.

- *The Bankruptcy Court's Stay Relief Order is not based on debatable law*. As this Court is aware, stay relief may be granted "for cause."[46] "What constitutes 'cause' . . . is decided on a case-by-case basis,"[47] and is committed to the Bankruptcy Court's sound discretion.[48]  The Bankruptcy Court's denial of Petitioners' stay relief request was grounded in the very

---

[44] *Mateo v. M/S KISO*, 805 F. Supp. at 800 (N.D. Cal. 1992) (internal citation omitted).

[45] Exhibit "2," p.80, ll.3 – 18 (emphasis supplied).

[46] *See Aniel v. HSBC Bank USA, Nat'l Ass'n,* 633 B.R. 368, 383 (N.D. Cal. 2021) ("Section 362(d) [of the Bankruptcy Code] provides the that the court 'shall grant relief from the stay provided under subsection (a) of this section ... for cause, including the lack of adequate protection of an interest in party of such a party in interest.'").

[47] *Id*. (quoting *In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009)).

[48] *Id*. ("The bankruptcy court has discretion to lift the automatic stay under § 362.").

specific facts of the case, including (but not limited to) (i) the complex and very bitter relationship between the parties, which already has led to extensive litigation over multiple issues, across multiple forums;[49] (ii) the potential for yet further litigation and the burden it would impose on the Chapter 7 estate;[50] (iii) the (admittedly) *in personam* nature of Petitioners' remaining claims against Ms. Schoenmann; and (iv) Petitioners' apparent inability to articulate any coherent "cause" for stay relief.[51]  Accordingly, the Bankruptcy Court did not rest its decision on any "debatable" legal theory.

- *Appellate review of the Bankruptcy Court's Stay Relief Order would impose further, protracted, expensive (and needless) litigation on the Chapter 7 estate.*  Where – as just noted – the Bankruptcy Court expressly allowed for possible future stay relief, the only thing to be gained from an interlocutory review of the Bankruptcy Court's Stay Relief Order appears to be further legal fees.

- *Appellate review of the Bankruptcy Court's Stay Relief Order would do nothing to advance the administration of Ms. Schoenmann's*

---

[49] *See*, e.g., Exhibit "2," p.32, ll.21 – 33, ll.4 ("I have plenty of questions to share and to put to you and your co-counsel about what it means if I were to grant your motion to abstain and for relief from stay, but I'm trying to break these into parts. So I'll — I'll acknowledge, Mr. Silver, that you're one of the newcomers. Ms. Gamez and I, I believe, are the veterans here from the outset, and the two Schoenmanns and all their other relatives. *We've lived with this case for a long time, and it's very complicated. But — but I'm trying to deal with the current motions individually.*").

[50] *See*, e.g., *Id.*, p.54. ll.4 – 7 (inviting Petitioners to "give me at least one thing that would be accomplished that is productive of an outcome and that helps anybody except the lawyers who were billing their clients").

[51] *See Id.*, p.45, ll.1 – 46, ll.1; p.52, ll.18 – 25; p.53, l.21 – 54. l.7, quoted above at p.54.

*Chapter 7 estate.* The Bankruptcy Court has reserved the ability to revisit Petitioners' request for stay relief. Consequently, Ms. Schoenmann's estate – and Petitioners – gain nothing from this Court's current review of the Stay Relief Order.

Accordingly, no "exceptional circumstances" warrant this Court's interlocutory review.

### B. The Stay Relief Order Does Not Involve A Controlling Question Of Law.

Nothing in the record suggests a "controlling question of law" is at stake regarding the Stay Relief Order. Rather, Petitioners' primary complaint appears to be that the Bankruptcy Court "got it wrong" and misapplied the facts to their stay relief request.

But this Court has previously observed:

> Where a party simply asserts that there has been a misapplication of law to the facts, § 1292(b) does not provide for relief. *See, e.g., McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir.2004) (stating that "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case"); *In re Novatel Wireless Secs. Litig.*, No. 08cv1689 AJB (RBB), 2013 U.S. Dist. LEXIS 164725, at *5 (S.D.Cal. Nov. 19, 2013) (noting that "a number of other courts have stated the term [question of law] means a 'pure question of law' rather than a mixed question of law and fact or the application of law to a particular set of facts"); *SEC v. Gruss*, No. 11 Civ. 2420, 2012 U.S. Dist. LEXIS 114007, at *7–8 (S.D.N.Y. Aug. 13, 2012) (indicating that, even where there is a legal issue, if it is "'essentially fact based in nature, interlocutory appeal is

inappropriate'"); *cf. Ahrenholz v. Board of Trustees*, 219 F.3d 674, 676
(7th Cir.2000) (stating that "'question of law' as used in section 1292(b)
has reference to a question of the meaning of a statutory or
constitutional provision, regulation, or common law doctrine rather
than to the question whether the party opposing summary judgment had
raised a genuine issue of material fact") . . . . [52]

Here – as discussed above – the Bankruptcy Court had broad discretion to

determine what particular facts and circumstances constitute "cause" for stay relief.

Its decision was not based on any "controlling question of law," but rather on a fact-

specific assessment committed to its sound discretion.

### C.    The Stay Relief Order Does Not Involve Any Question Of Law (Let Alone One For Which There Is A "Substantial Ground For Difference Of Opinion").

[S]ubstantial grounds for a difference of opinion on a legal question are
generally found to exist where: the relevant circuit court has not spoken
on the point and other circuits are in dispute; complicated questions of
foreign law are involved; or it presents novel and difficult questions of
first impression. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th
Cir. 2010); *In re Sperna*, 173 B.R. 654, 658 (B.A.P. 9th Cir. 1994)
(conflicting views on issue created substantial ground for difference of
opinion, supporting leave to appeal). The fact that an issue is novel, or
that there is a disagreement about which authority is controlling does
not, by itself, constitute a substantial difference of opinion to support
an interlocutory appeal. *Couch*, 611 F.3d at 633; *Reese*, 643 F.3d at 688
(lack of cases directly conflicting with the district court's construction
of the law does not mean that there is not substantial ground for
difference of opinion). Likewise, disagreeing with the bankruptcy
court's ruling, no matter how strong that disagreement, is not grounds

---

[52] *United States v. Wen-Bing Soong*, 2014 WL 988632, at *1 (N.D. Cal. Mar. 10, 2014).

for an interlocutory appeal. *Id.*[53]

Here, Petitioners do not – and cannot – argue that "cause" under section 362 of the Bankruptcy Code constitutes a "legal question" on which "substantial grounds for a difference of opinion" exist.  As just noted, this question is primarily a factual one.  Moreover, Petitioners have not pointed (nor can they point) to any "circuit split" over the meaning or proper application of "cause" for stay relief.  Rather, Petitioners' "disagreement" is with the Bankruptcy Court's ruling.

## D.    Immediate Appeal Does Not Advance Litigation

Finally . . ., an immediate appeal of an interlocutory order must serve judicial economy by materially advancing the ultimate termination of the litigation. *See In re Travers*, 202 B.R. 624, 626 (9th Cir. BAP 1996); *In re Coleman Enterprises, Inc.* 275 B.R. 533, 538-539 (8th Cir. BAP 2002). This factor is met when resolution of the controlling question of law "may appreciably shorten the time, effort, or expense of conducting a lawsuit." *In re Cement*, 673 F.2d at 1027. The burden to show that an interlocutory appeal would materially advance the ultimate termination of litigation is not established by the mere fact that review of a denial of summary judgment might ultimately end the litigation. *McDonnell v. Riley*, No. 15-CV-01832-BLF, 2016 WL 613430, at *5 (N.D. Cal. Feb. 16, 2016).[54]

As noted, interlocutory review of the Bankruptcy Court's Stay Relief Order does *nothing* to advance the progress of Ms. Schoenmann's Chapter 7 case.  Indeed, as described above, it merely serves to further burden Ms. Schoenmann's estate with additional (pointless) fees.

---

[53] *Pivot Point Partners, LLC v. Schoenmann*, 2017 WL 4310760, at *3 (N.D. Cal. Sept. 28, 2017).

[54] *Pivot Point Partners, LLC v. Schoenmann*, 2017 WL 4310760, at *3 (N.D. Cal. Sept. 28, 2017).

This Court should dismiss Petitioners' appeal of the Bankruptcy Court's interlocutory Stay Relief Order.

## IV.    <u>CONCLUSION.</u>

This Court should dismiss, with prejudice, Appellants' appeals of the Bankruptcy Court's Stay Relief Order.

DATED:  August 8, 2025                          LAW OFFICE OF THOMAS H.
                                                              CASEY, INC.
                                                A PROFESSIONAL CORPORATION


                                         By: _____/s/Thomas H. Casey_____
                                                Thomas H. Casey, Attorney for Jason M.
                                                Rund in his capacity as the Chapter 7
                                                Trustee of the Bankruptcy Estate of E.
                                                Lynn Schoenmann

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS (SUBMITTED PURSUANT TO FED.R.BANKR.P. 15(h))

This brief complies with the type-volume limitation of Fed. R. Bankr. P. 8013(f)(3) because it contains 4,673 words, as counted by Microsoft Word for Microsoft 365, which was used to produce this brief.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) (as incorporated by Fed. R. Bankr. P. 8013(f)(1) and (2)) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365, using Times New Roman font sized 14.

DATED:  August 8, 2025                        LAW OFFICE OF THOMAS H.
                                             CASEY, INC.
                                             A PROFESSIONAL CORPORATION


                                  By:  _____/s/Thomas H. Casey_____
                                             Thomas H. Casey, Attorney for
                                             Appellant Jason M. Rund

**CERTIFICATE OF SERVICE BY CM/ECF**

I, Wayne A. Silver, the undersigned, hereby declare:

I am counsel for Stuart Schoenmann, as Executor of the Probate Estate of Donn R. Schoenmann, a creditor, co-interest holder and interested party in the above-captioned Chapter 7 bankruptcy proceeding, with offices at 643 Bair Island Road, Suite 403, Redwood City, CA 94063.

On October 2, 2025, I caused to be served true and correct copies of the foregoing PETITIONERS' OPPOSITION TO DEBTOR'S MOTION FOR RECONSIDERATION, AND PETITIONERS' REQUEST FOR JUDICIAL NOTICE on the parties listed below by means of this Court's electronic transmission to the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth on the ECF/CMS Mailing List obtained from this Court, as follows:

| | |
|---|---|
| Bachecki, Crom & Co., LLP | JCrom@bachcrom.com |
| Nathan D. Borris | nateborris@gmail.com, BorrisNR94995@notify.bestcase.com |
| Frank Busch | ef-fhb@coblentzlaw.com, pallister@wvbrlaw.com |
| Thomas Casey | kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com |
| Robert R. Cross | rcross@skootskyder.com, kkisker@skootskyder.com |
| Kimberly S. Fineman | kfineman@fhlawllp.com |
| Stephen D. Finestone | sfinestone@fhlawllp.com |
| Kelsey John Helland | kelsey.helland@usdoj.gov |
| Miriam E. Hiser | mhiser@hiserlaw.com |
| Loren Kieve | lk@kievelaw.com |
| Anthony B. Leuin | aleuin@sflaw.com, stimmerman@sflaw.com |
| Patricia H. Lyon | phlyon@frenchlyontang.com, mwoodward@frenchandlyon.com |
| Garry Alan Masterson | BnkEcf-CA@weltman.com, gmasterson@weltman.com |
| Brent D. Meyer | brent@meyerllp.com |
| Office of the U.S. Trustee / SF | USTPRegion17.SF.ECF@usdoj.gov |
| Audrey Pak | audrey.pak@usdoj.gov |
| Corina Pandeli | corina.pandeli@usdoj.gov, ustp.region15@usdoj.gov, tiffany.l.carroll@usdoj.gov,abram.s.feuerstein@usdoj.gov |

Page - 10

| Jason M Rund | jrund@srlawyers.com |
|---|---|
| Joshua L. Scheer | jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com |
| Wayne A. Silver | ws@waynesilverlaw.com, ws@waynesilverlaw.com |
| Michael St. James | ecf@stjames-law.com |
| Christopher D. Sullivan | csullivan@sullivanblackburn.com, AJTorio@sullivanblackburn.com |
| Reilly Wilkinson | rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com |
| Jennifer C. Wong | bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 2, 2025 at Henderson, Nevada.

/s/ *Wayne A. Silver*
Wayne A. Silver