**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:    (415) 765-1588
Facsimile:    (415) 762-5277
Email:        brent@meyerllp.com

**SKOOTSKY & DER LLP**
  A Limited Liability Partnership
ROBERT R. CROSS, Cal. Bar No. 56814
425 California Street, 25th Floor
San Francisco, California 94104
Telephone:    (415) 979-9800
Facsimile:    (415) 979-9821
Email:        rcross@skootskyder.com

Attorneys for Plaintiff
E. LYNN SCHOENMANN

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>E. LYNN SCHOENMANN,<br><br>Debtor. | BK Case No.: 22-30028-DM<br><br>Chapter 7<br><br>**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND REMAINING MAJOR ISSUES IN BANKRUPTCY CASE AND ISSUANCE OF RELATED ORDERS**<br><br>Date:     October 17, 2025<br>Time:     10:00 a.m.<br>Location: 450 Golden Gate Ave., Ctrm. 17<br>          San Francisco, California 94203<br>Judge:    Honorable Dennis Montali |

- 1 -

BK CASE NO. 22-30028-DM

MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND REMAINING MAJOR ISSUES IN BANKRUPTCY CASE AND ISSUANCE OF RELATED ORDERS

Case: 22-30028    Doc# 774    Filed: 10/10/25    Entered: 10/10/25 18:21:36    Page 1 of 8

Debtor E. Lynn Schoenmann ("Debtor" or "Defendant") hereby submits this reply (the "Reply") in support of the *Motion for Reconsideration of Memorandum Decision Regarding Consolidated Adversary Proceedings and Remaining Major Issues in Bankruptcy Case and Issuance of Related Orders* (the "Motion") [Dkt. No. 755] filed in the above-captioned matter.

## I. RE-INTRODUCTION

To truly appreciate the gravity of the forced liquidation of an ERISA-Qualified Profit-Sharing Plan, it is imperative that the Court travel back in time to early 2022 and examine the procedural posture that gave rise to issuance of the Sequestration Order. At the infancy of this Bankruptcy Case, the Probate Estate filed its Cash Collateral Motion, and without any merit, asserted that it had a "security interest" in five bank accounts in existence on the date of Donn Schoenmann's death in 2018, including one investment account representing the assets of the Profit-Sharing Plan, as well as four unrelated checking accounts, which apparently gave rise to some ill-defined adequate protection in "cash collateral" pursuant to section 363(a). The cash in the four checking accounts was spent in the normal course long before the Tentative Decision was issued, and long before this bankruptcy was filed. The Profit-Sharing Plan remains intact, net of Required Minimum Distributions (RMDs) subsequently taken, at a successor bank. Whether the Probate Estate has any *in rem* interest in the Profit-Sharing Plan is a separate issue and not relevant to the subject of the Cash Collateral Motion or the Sequestration Order.

At that time, the Court declined to adjudicate whether the Probate Estate had any valid security interest in the bank accounts, but pursuant to its plenary powers over administration of the Bankruptcy Case, issued the Sequestration Order to maintain the *status quo* and remarked that "[s]o I'll maintain the *status quo* and you guys can figure out a way to maintain at least 503,000 dollars to protect Mr. Lapping and not suffer -- not make Ms. Schoenmann suffer some ERISA penalty." (Dkt. No. 135, 52:21-53:7) (emphasis added). The *status quo* was maintained by the Court "sequestering" and not allowing Defendant to spend $503,000, part of which were funds in the ERISA-qualified Profit-Sharing Plan, while the Court would endeavor at a later time whether the Probate Estate had any legitimate "security interest" in the bank accounts. Three years later, this inquiry *never* happened.

BK CASE NO. 22-30028-DM

- 2 -

MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND REMAINING MAJOR ISSUES IN BANKRUPTCY CASE AND ISSUANCE OF RELATED ORDERS

Case: 22-30028    Doc# 774    Filed: 10/10/25    Entered: 10/10/25 18:31:36    Page 2 of 8

Undoubtedly, unlike in In re Rains, 428 F.3d 893 (9th Cir. 2005), Defendant *never* consented or otherwise volunteered to place the Profit-Sharing Plan in the estate pursuant to section 541(a), as the Court issued the Sequestration Order as an exercise of its plenary powers *solely* to temporarily maintain the *status quo*, and consistent with Patterson v. Shumate, 504 U.S. 753 (1992), the Profit-Sharing Plain *never* was property of the estate. As such, this Court lacks jurisdiction to force Defendant to liquidate the Profit-Sharing Plan and pledge those funds to the Clerk of the Court pending further litigation in the Probate Estate.

## II. LEGAL ARGUMENT

### A. Legal Standard Pursuant to Federal Rule of Civil Procedure 59

As set forth in the Motion, Federal Rule of Civil Procedure 59(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9023, provides this Court may alter or amend a judgment previously entered in a proceeding. See Fed. R. Civ. P. 59(e). A motion for reconsideration brought under Rule 59 can be granted based on "one or all of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law." In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) *citing* McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 529 U.S. 1082 (2000).

Here, there are no less than three alternative grounds pursuant to Federal Rule of Civil Procedure 59 for this Court to properly reconsider the Memorandum Decision.[1]

First, as set forth in detail in the Motion, this Court lacks jurisdiction over all issues related to abstention and relief from stay. Specifically, earlier this year, this Court rejected these exact same requests by the Probate Estate, which is now currently on appeal before the United States District Court in the matter entitled Schoenmann v. Rund et al., Case No. 3:25-cv-00142-EMC. Given that this Court previously declined to abstain from adjudicating the consolidated

---

[1] Unless otherwise defined herein, as Defined Terms shall have the meaning originally set forth in the Motion filed in this matter.

BK CASE NO. 22-30028-DM — 3 —

MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND RULING ON MAJOR ISSUES IN BANKRUPTCY CASE AND ISSUANCE OF RELATED ORDERS

Case: 22-30028 Doc# 774 Filed: 10/10/25 Entered: 10/10/25 18:21:36 Page 3 of 8

Adversary Proceedings and also declined to grant relief from the automatic stay (11 U.S.C. § 362(a)) for the Probate Estate to litigate any of these issues in the Probate Court, which is currently on appeal, it is axiomatic that this Court does not have jurisdiction to reverse its prior decision and issue relief consistent with the Order. See Dkt. Nos. 16, 18, 38; see also RJN ¶ 4, Exh. W.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); see also In re Mirzai, 236 B.R. 8, 10 (B.A.P. 9th Cir. 1999) ("if a district court would be forbidden to act because of an appeal pending before the court of appeals, then both the bankruptcy appellate panel and the bankruptcy court would be similarly constrained").

The rule divesting lower courts of jurisdiction over aspects of a case involved in an appeal "is judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." United States v. Thorp (In re Thorp), 655 F.2d 997, 998 (9th Cir. 1981) (*quoting* 9 Moore, Fed. Prac. ¶ 203.11, n. 1). This rule is not absolute. "For example, a district court has jurisdiction to take actions that preserve the status quo during the pendency of an appeal, but may not finally adjudicate substantial rights directly involved in the appeal." In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000) (citations omitted). Further, "[a]bsent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order ***but may not alter or expand upon the judgment***." Id. (citations omitted) (emphasis added).

As such, it was a manifest error of law for this Court to issue the Memorandum Decision, dismiss this consolidated Adversary Proceeding, and grant relief from stay so that all remaining issues must be decided before the Probate Court.

Further, in the Opposition, the Probate Estate asserts that Federal Rule of Bankruptcy Procedure 8008 authorizes this Court to issue an indicative ruling to "communicate to the appellate court its intention to provide relief if the appeal is remanded for the purpose of revesting the bankruptcy court with jurisdiction to do so." (4:15-16). Unfortunately, however,

- 4 -

BK CASE NO. 22-30028-DM

MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND REMAINING MAJOR ISSUES IN BANKRUPTCY CASE AND ISSUANCE OF RELATED ORDERS

Case: 22-30028　Doc# 774　Filed: 10/10/25　Entered: 10/10/25 18:31:36　Page 4 of 8

this Court <u>did not</u> issue an indictive ruling, but rather, issued the Memorandum Decision and the related orders, without ever communicating to the Appellate Court. Undoubtedly, Federal Rule of Bankruptcy Procedure 8008 was never designed to circumvent the exclusive jurisdiction of the appellate courts over all matters currently on appeal.

<u>Second</u>, as set forth in detail in the Motion, "[t]he United States Supreme Court has held that an anti-alienation provision in an ERISA-qualified pension plan constitutes such a restriction for purposes of the [section] 541(c)(2) exclusion. In re Rains, 428 F.3d 893, 905-06 (9th Cir. 2005) (*citing* Patterson, 504 U.S. at 760)). "The exclusion is permissive rather than mandatory: 'a debtor's interest in an ERISA-qualified pension plan may be excluded from the property of the bankruptcy estate pursuant to [section] 541(c)(2)[.]". Id. As such, the "**_bankruptcy court lacks subject matter jurisdiction over excluded ERISA-qualified pension plan funds_**." In re Rains, 428 at 905-06 (*citing* In re McClellan, 99 F.3d 1420, 1423 (7th Cir. 1996)) (emphasis added).

Here, unlike Rains, the precise reason that the Sequestration Order was entered was solely to preserve the status quo while the Court determined the respective rights of Plaintiffs and Defendant *related to* the Cash Collateral Motion. (Dkt. No. 155, 33:23-35:23). However, it is abundantly clear that Defendant <u>*never*</u> waived any of her rights in the ERISA-qualified Profit-Sharing Plan, Defendant <u>*never*</u> consented to authorize this Court to exercise jurisdiction over the ERISA-qualified Profit-Sharing Plan, and this Court <u>*never*</u> adjudicated the rights of the parties with respect to the Cash Collateral Motion. (Dkt. No. 156).

Further, Paragraph 5 of the Sequestration Order specifically acknowledges that "[n]othing contained in this Order or the relief granted by it shall be deemed to implicate or rule upon the merits or substance of the contentions of the Debtor or of Stuart Schoenmann. This Order is entered as an exercise of the Court's plenary control over the administration of the above estate." (Dkt. No. 156, ¶ 5).

This conclusion is reinforced in the Objection to Claim of the Probate Estate, in which the Trustee acknowledges "[t]he [S]equestration [O]rder was an exercise of the court's plenary control over estate administration, *not* adequate protection for a lien." (Dkt. No. 765, 51:16-17) (emphasis added). Further, the Trustee acknowledges that the "[t]he record establishes that

- 5 -
BK CASE NO. 22-30028-DM
MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND REMAINING MAJOR ISSUES IN BANKRUPTCY CASE AND RELATED ORDERS

Case: 22-30028    Doc# 774    Filed: 10/10/25    Entered: 10/10/25 18:31:36    Page 5 of 8

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

sequestration was a *pragmatic case management tool* to prevent asset dissipation during an ownership dispute, not statutory adequate protection for a pre-existing or contemporaneously granted lien." (Id., 51:21:52:1) (emphasis added).

Clearly, the Court unilaterally asserted its plenary powers over the ERISA-qualified Profit-Sharing Plan, and Debtor never voluntarily agreed or consented to allow this Court to exercise jurisdiction over the Profit-Sharing Plan, which was *never* property of the estate.

Under these circumstances, this Court never had jurisdiction over the ERISA-qualified Profit-Sharing Plan, and as such, it was a manifest error of law (and an extrajudicial act) for the Court to order the forced liquidation of the ERISA-qualified Profit-Sharing Plan.

Third, as set forth in detail in the Declaration of Jay D. Crom, CPA, the practical effect of the Memorandum Decision and the Order is that the forced liquidation of the Profit-Sharing Plan and subsequent transfer of the net proceeds to the Clerk of the United States Bankruptcy Court is that there is a taxable event in which Defendant would be personally liability for income tax in 2025 in the aggregate amount of approximately $167,112, or alternatively, the Bankruptcy Estate could be liable for such tax consequences if the Profit-Sharing Plan was deemed alienated or encumbered in 2022 upon issuance of the Sequestration Order. See Crom Decl. ¶¶ 4-8.

This harsh outcome creates a manifest injustice, as Defendant (or the Bankruptcy Estate) has absolutely no recourse against any party if (and when) Defendant is determined the rightful owner of the Profit-Sharing Plan. Further, there are significantly less intrusive alternatives that this Court should consider rather than requiring the forced liquidation of the Profit-Sharing Plan, including: (a) allowing the Sequestration Order to remain in full force and effect, subject only to final disbursement of funds after a final decision from the Probate Court (or other Court of competent jurisdiction) to the rightful owner of the funds; (b) dissolving the Sequestration Order in its entirety without *any* restriction, staying entry of the order for a period of time (approximately 30 days), and allowing the Probate Estate to file appropriate pleadings with a court of competent jurisdiction seeking an issuance of an injunction (TRO or Preliminary Injunction) over use of the funds in the Profit-Sharing Plan and/or the Inherited IRA; and (c) adjudicating the merit of the Cash Collateral Motion and determining whether the Probate Estate

BK CASE NO. 22-30028-DM - 6 -

MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND REMAINING MAJOR ISSUES IN BANKRUPTCY CASE AND ISSUANCE OF RELATED ORDERS

Case: 22-30028  Doc# 774  Filed: 10/10/25  Entered: 10/10/25 18:31:36  Page 6 of 8

had "cash collateral" as of the Petition Date, which required some form of adequate protection, as requested in the Cash Collateral Motion.

Under the circumstances, procedural due process and the Bankruptcy Code demand that this Court adjudicate the respective rights of Defendant and the Probate Estate in the Cash Collateral Motion before endeavoring to dispossess Defendant of her lawful rights and protections in the Profit-Sharing Plan, which is _not_ property of the estate.

As such, it was a manifest error of law for this Court to require Defendant to liquidate the ERISA-Qualified Profit-Sharing Plan, which is _not_ property of the estate, and this Court should certainly consider less-intrusive alternatives (as outlined above), which will prevent manifest injustice to Defendant and/or the Bankruptcy Estate and avoid unnecessary tax liability _not less than $167,112_, that neither party will have any recourse over once there is finality to the disputed ownership claims to the funds in this account.

**B.    Required Minimum Distribution (RMD) for 2025**

As this Court is well aware, Defendant is required to take Required Minimum Distributions (RMDs) from the Profit-Sharing Plan for 2025 on or before December 31, 2025. As such, in order to avoid unnecessary penalties, Defendant requests that the Court modify the Sequestration Order and authorize Defendant to take the RMDs from the Profit-Sharing Plan as required by the Internal Revenue Code for 2025.

**III.    CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the Court enter an order granting the Motion in its entirety, vacating the Memorandum Decision and Order, authorizing Defendant to take the RMD for the Profit-Sharing Plan for 2025, and granting such other and further relief that is just and appropriate under the circumstances.

Alternatively, assuming _argumentum_ that this Court determines that it is has jurisdiction notwithstanding the pending appeal, Defendant respectfully request that the Court reconsider and amend the Memorandum Decision and Order and enter an appropriate order ensuring that there is no adverse tax consequence to Defendant (or the Bankruptcy Estate) resultant from the forced liquidation of the Profit-Sharing Plan pending resolution of ownership of this account in a

BK CASE NO. 22-30028-DM - 7 -

MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND REMAINING MAJOR ISSUES IN BANKRUPTCY CASE AND ISSUANCE OF RELATED ORDERS

Case: 22-30028    Doc# 774    Filed: 10/10/25    Entered: 10/10/25 18:31:36    Page 7 of 8

court of competent jurisdiction, and granting such other and further relief that is just and appropriate under the circumstances.

Dated: October 10, 2025           **MEYER LAW GROUP, LLP**

By: /s/ BRENT D. MEYER
     Brent D. Meyer
     Attorneys for Defendant
     E. LYNN SCHOENMANN

BK CASE NO. 22-30028-DM     - 8 -
MOTION FOR RECONSIDERATION OF MEMORANDUM DECISION REGARDING CONSOLIDATED ADVERSARY PROCEEDINGS AND REMAINING MAJOR ISSUES IN BANKRUPTCY CASE AND ISSUANCE OF RELATED ORDERS

Case: 22-30028   Doc# 774   Filed: 10/10/25   Entered: 10/10/25 18:31:36   Page 8 of 8